IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATREANA L. M. NELSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:19-cv-1235-L (BT) |
| | § | |
| ARON PASCHAL, ET AL., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Katreana Nelson, proceeding *pro se* and *in forma pauperis*, filed this civil action alleging invasion of privacy, hazing, stalking, and violations of her civil rights. For the following reasons, the Court should summarily dismiss Plaintiff's complaint with prejudice pursuant to 28 U.S.C. § 1915(e).

I.

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915(e), which states a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputably-meritless legal theory or when the factual

1

contentions are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or wholly incredible." *Id.* at 33.

## II.

In her complaint, Plaintiff states that Defendants Aron Paschal, Michael Glen also known as Keycy Truelove, Dr. Shaw of Keensburg Dental, "BMI," and "ASCAP" invaded her privacy through the unauthorized use of spyware and video surveillance. She also states, "Defendants have participated in hazing practices broadcasted in the form of a live virtual movie which includes public stalking designed to shame and defame the character of the plaintiff." (ECF No. 3 at 1). She claims Defendants inserted into her body "radio frequency transmitting material in which tracking and experimental processes are performed" and that Defendants have attempted to coerce her into a "sacrificing cult." (*Id.*). She does not state what relief she seeks.

Courts must liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But even under the most liberal construction, Plaintiff's allegations describe irrational or wholly incredible claims against Defendants. Plaintiff's complaint should be summarily dismissed as frivolous.

III.

The Court should summarily dismiss Plaintiff's complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

Signed June 27, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).